UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MAGDA HAGAN OF THE FAMILY, §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>JOSE ROSALES, POLICE OFFICER, §<br>WINDCREST POLICE DEPARTMENT, §<br>INDIVIDUAL CAPACITY; SELENA §<br>BRELAND, POLICE OFFICER, §<br>WINDCREST POLICE DEPARTMENT, §<br>INDIVIDUAL CAPACITY; AND §<br>DARRELL E. VOLZ, CHIEF OF POLICE, §<br>WINDCREST POLICE DEPARTMENT, §<br>INDIVIDUAL CAPACITY; §<br>§<br>*Defendants*. § | Civil Action No. SA-22-CV-01065-XR |

## ORDER ON REPORT AND RECOMMENDATION

On this date the Court considered Magistrate Judge Richard B. Farrer's Report and Recommendation in the above-numbered and styled case, filed May 25, 2023. ECF No. 30. After careful consideration, the Court issues the following order.

Plaintiff Magda Hagan of the Family owns property at 5907 Crescent Falls in Windcrest, Texas, which has been under construction for some time. On October 15, 2021,[1] Plaintiff alleges, without meaningful elaboration, that Defendants conducted an "illegal search" of her property:

> Officer Rosales and Breland barged into my house without authorization, or a court order, and performed an illegal search. Officer Rosales told me a "Stop work order" issued by the city's inspector gives him the right to come in to my house when he wanted at any time.
> . . .

---

[1] Plaintiff states that some of the alleged violations also occurred on June 31, 2022, but it is not entirely clear what happened on that date. *See* ECF No. 1 at 4. Plaintiff also states that a neighbor informed her that officers went to her property sometime during the week of August 29, 2022, but she does not allege any search or potential violation of her rights therefrom.

1

> My rights were violated, officer Rosales and officer Breland lied to us, and they forced their way into my house without a court order. Violation of the fourth amendment - Illegal search, they illegally search my home.

ECF No. 1 at 4. At the time, Plaintiff, her husband, and several contractors were present at the property. Plaintiff also alleges that she made repeated requests under the Freedom of Information Act ("FOIA") and the Texas Public Information Act ("TPIA") to the City of Windcrest regarding the alleged search, but the City "refuses to disclose the camera footage, and the reports of all of these events . . . without any explanation." *Id*.

Plaintiff restates the same basic allegations in her motion for default, namely that Officers Selena Breland and Jose Rosales "forced their way into my house without a court order, warrant, or invite," and "performed an illegal search." ECF No. 7 at 2. Plaintiff also alleges that the City and Chief of Police Darrell Volz "refuse to disclose the camera footage" or any reports despite her repeated public information requests. *Id*. Plaintiff additionally alleges harassment by police, consisting of visiting her property without permission, parking close to her house, and asking questions of neighbors and construction workers. *Id*. at 3.

Defendants filed two separate motions to dismiss those claims. *See* ECF Nos. 5, 6. Plaintiff never responded. The Court ordered Plaintiff to amend her complaint in response to the motions to dismiss, which the Court described as "meritorious." ECF No. 14 at 1. The Court warned Plaintiff that "now is the time to amend the complaint to address the issues raised in the motions to dismiss," as any future attempts to address arguments already raised in those motions "will be viewed with skepticism." *Id*. at 3–4.

In her amended complaint, Plaintiff explicitly asserts only claims against Officer Breland. ECF No. 20 at 9–12. Officer Rosales is mentioned twice, and Chief Volz not even once. The amended complaint contains no mention of the previous FOIA and TPIA claims. And although

Plaintiff complains that the city inspector was not properly licensed, *see id*. at 7–9, she does not add the inspector or the City as a party. Plaintiff expands upon a few factual allegations in her amended complaint: "After being asked 'Do you have a court order?' Officer Rosales answered 'I don't need one with that paper on the door' (he was referring to the court order)." *Id*. at 11. Elsewhere, Plaintiff alleges that the Officers "burst into private property, justifying the forced entry due to a [stop-work order]." *Id*. at 5–6. But no construction was being performed and nobody was living on the property at the time. And although Plaintiff repeatedly labels the Officers' intrusion onto her property as a "search," Plaintiff alleges that the "search was not undertaken by law enforcement individuals to discover evidence of criminal wrongdoing," and "there was no criminal investigation." *Id*. at 10–11. Plaintiff asserts that the stop-work order was invalid for various reasons, and Defendants violated her rights because they "never checked on the validity and followed an illegal order to enforce an invalid and illegal [stop-work order]." *Id*. at 10. Plaintiff attaches a largely illegible copy of the stop-work order to her amended complaint. *See id*. at 20.

On May 25, 2023, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion to Dismiss (ECF No. 25) be granted and that Plaintiff's case be dismissed with prejudice.

The Magistrate Judge first observed that Plaintiff had abandoned in her amended complaint ECF No. 20) her claims under FOIA and the TPIA, as well as her claims against the officers in their official capacities, signifying an intent by Plaintiff to proceed only with her § 1983 individual-capacity claims. *See* ECF No. 30 at 4–5. The Magistrate Judge further noted, however, that even if Plaintiff had not abandoned those claims, her FOIA claim fails because it could not be asserted against municipal police officers, her TPIA claims fails because it cannot be filed in federal court, and her claim against Chief Volz fails because § 1983 imposes neither supervisory nor respondeat

superior liability. Next, the Magistrate Judge noted that Plaintiff's claims against the Defendant Officers in their individual capacities must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff includes only a smattering of factual allegations that fail to meet the *Twombly* standard or raise a right to relief about a speculative level. *See id*. at 8 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Magistrate Judge also noted that Defendants would otherwise be entitled to qualified immunity. *Id*. Finally, the Magistrate Judge observed that Plaintiff's factual allegations do not support the legal conclusion that a Fourth Amendment "search" ever occurred. *Id*. at 9.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on May 25, 2023. ECF No. 31. No objections have been filed.[2] Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation. Defendants' Motion to Dismiss (ECF No. 25) is **GRANTED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

---

[2] Plaintiff filed her Rule 26 Initial Disclosures on June 5, 2023. ECF No. 32. Even under the liberal standards that Courts afford *pro se* plaintiffs, such disclosures cannot be viewed as objections to the Report and Recommendation.

4

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff at:

> Magda Hagan of the family
> Not domestic and non-commercial
> 5907 Crescent Falls
> Windcrest, TX

It is so **ORDERED**.

**SIGNED** June 13, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE